Our final case of the day is United States v. Taylor Good morning Wait for both sides to find room at the council table Mr. Katanauji Good morning. May it please the court, Ashwin Katanauji representing appellant Jeffrey Taylor. By the time that the sentencing court ordered the modified conditions at issue in this case Before we get to the modification of the conditions, I have a question about whether the district court had jurisdiction to make any changes in the conditions. I gather of the three conditions that are now being fought, the district judge made no change in two, And then while the appeal was pending in this court, made a change in the third, the one to stay away from anybody under the age of 18. Is that correct? That's correct, Judge. All right. So why was the procedure under Circuit Rule 57 not followed? Circuit Rule 57 says that while a case is on appeal, a district judge can't make any change in the judgment, But can certify to the Court of Appeals that he's inclined to do something. And if so, the Court of Appeals will remand to allow it to be done. No motion was filed under Circuit Rule 57 in this case. So I wonder why we aren't within the domain of the rule that only one court at a time can have jurisdiction over an issue. The judgment of conviction was pending on appeal in the Seventh Circuit, And therefore, one would think the district court had no jurisdiction to make any changes in that judgment. Any problem with that? Your Honor, the statute does give a district court authority to modify conditions of supervision at any time. But not while an appeal is pending. Rule 60 allows district courts to modify their judgments, but not while an appeal is pending. The Supreme Court has held that only one court can have jurisdiction over a case at a time. And when this motion was filed in the district court, Taylor's substantive appeal was under advisement in this circuit. Yes, Your Honor, that's correct. And I cannot speak to that issue at this time. Well, jurisdiction is always an issue. And in fact, the United States brief even flags this problem. Correct, Judge. You need to be able to speak to it at this time. I apologize, Judge. I believe the government also did agree that the district court did have jurisdiction, And that this court has jurisdiction over the appeal. With respect to the... It's not a question of whether we have jurisdiction, Counsel. It's a question of whether the district court had jurisdiction. Correct, Judge. And I believe the government also did agree with us that the district court did have authority under the statute to modify the conditions. But with respect to the conditions that the court did order, Mr. Taylor objects to three of those conditions. The first condition bars Mr. Taylor from accessing any type of specific legal pornography and bars him from accessing locations or internet sites where that pornography may be available. In making his decision, the district court cited to this court's decision in United States v. Segal, where this court has said that there is scientific literature on both sides of the fence about whether denying access to legal pornography would make a sex offender more or less likely to commit a crime. But in Segal, this court had said, I'm quoting, Denying a defendant access to pornography may make him less likely to commit rape when he's released from prison if, at the time of sentencing, he tests high on measures of sexual aggression. The court in Segal connected the access to pornography to a specified risk for a particular defendant. In this case, the district court failed to tailor the condition to the specific circumstances of Mr. Taylor's case. No evidence was presented that Mr. Taylor would be more likely to repeat similar types of conduct or engage in additional criminal conduct as a response to viewing legal pornography. That evidence was not presented and the district court did not rely on any specific evidence related to Mr. Taylor in imposing that condition. Mr. Katamachi, can I just ask you a couple of other preliminary questions? Mr. Taylor's probation is scheduled to end this August, is that right? That's correct, Judge. Okay, and do you agree that if we reach the merits of the district court's actions here, we apply an abuse of discretion standard? Correct, Judge. Okay. In your brief, you argued that we ought to consider de novo whether the district court's explanation of its decision was adequate. Correct. Why is that an appropriate standard on a motion to modify? The terms of probation had been set several years before. There had been no appeal, as I understand it, challenging the terms of that probation. Why would a district judge just be entitled to say no without explanation? I already decided this years ago. Just as judges can kind of summarily deny motions to reconsider or rule 60B motions. Judge, we would argue that a district court is required to take into account the circumstances at the time that it issues its order denying or granting a modification. This court, for example, in Siegel, the court noted that the district court, in imposing a condition, should look at the circumstances at the time of sentencing. Well, yeah, I mean, that's all true. But Siegel, if I recall correctly, was a challenge on a direct appeal, right? Correct. And I guess my question is how many times can you go, can a defendant who's under supervision go back to the district judge and insist that the district judge do the work all over again of justifying the conditions of supervision? The statute permits a defendant to file a motion at any time, Judge. Right. So I would argue that at any time a defendant has the right to file a motion and request modification. The court can deny that modification, but the court has to take into account the circumstance at the time the defendant does move for that modification. Have we ever held that district courts have that kind of a duty in this context? I cannot say that this court has held that. With respect to the second part of the first condition that we're objecting to, the district court also prohibited Mr. Taylor from accessing locations or Internet sites where legal pornography is available. And this condition would prohibit Mr. Taylor from frequenting places such as libraries, convenience stores, or any number of other locations where legal pornography may be available. And we would argue that that condition is really unworkable in practice, and it's not, again, tailored to the circumstances of Mr. Taylor's case. And I would note that in another case involving similar type of conduct, the district court, Judge Lozano, who had presided over this case in another case, he modified a similarly worded condition to simply state, quote, The defendant shall neither possess nor have under his control any matter that depicts or describes sexually explicit conduct as defined by 18 United States Code Section 2256 involving a person under the age of 18. And that's an appropriate condition, and that's the type of condition that should be in this case, not the overbroad condition that is currently in place. The second condition that Mr. Taylor objects to is a condition requiring him to make his Internet-capable devices available for search at any time, even absent reasonable suspicion of a violation of the conditions of supervision. In United States v. CAPS, a recent decision by this court, the court specifically upheld the search provision, but specifically noted that that condition required reasonable suspicion. In this case, there's absolutely no requirement of reasonable suspicion. And, again, I would note that Mr. Taylor has a history, three and a half years, of complying with every condition of supervision, and that cuts against any need for search absent reasonable suspicion. The final condition that Mr. Taylor objects to was a condition barring him from being around any individual under the age of 18. And I would note that, again, in United States v. CAPS, the court noted the overbreadth of this type of condition that bars the defendant from contact with males or females under the age of 18. In that case, the court noted that there's no evidence that the defendant was bisexual, for example, and that there's a need to bar him from interacting with individuals, with males under the age of 18. What does he want to do that is not allowed to him? Well, the condition states that he cannot have any form of contact with a person under the age of 18, meaning he can't be around any minors. What does he want to do? Well, Judge, for example, he can't go to a park. He can't go to a library without running the risk of violating this condition. The strange thing is that the condition, as initially worded, gave him a protection against that. It had a caveat. It was on his own motion that he persuaded the district court to delete that caveat. I take it he now rues making this motion at all? Well, Judge, again, part of that condition permitted him to have incidental contact with individuals under the age of 18 in commercial dealings. But we would argue that that condition is simply not appropriate at all in this case. It's overbroad, as worded currently, and it's not tailored to the facts of this case. Thank you, Judge. Mm-hmm. Thank you, Counsel. Mr. Bella. Good morning, Your Honors. I'm Daniel Bella, arguing the case on behalf of the government. The government in its brief flagged the jurisdictional issue.  I want to hear further about that. The Supreme Court held in Riggs v. Providence Consumer Discount, which your brief doesn't mention, that it is district court, only one court can have jurisdiction over a case at a time, either the district court or the court of appeals, but not both. And here, we've provided a way to deal with that. That's Circuit Rule 57. Why was there no filing under Circuit Rule 57 here? Either side could file such a motion, get a remand, and then we solve the problem. The government flagged the issue, but conceded in its brief that the court had jurisdiction based upon 18 U.S.C. 3563. You're not dealing with my question. Why did no one file a Rule 57 statement? I don't think that either side paid attention. The at any time in the statute means there's no time limit, but it doesn't say that a district court can act when it has no jurisdiction, and that's what Riggs says, only one court at a time has jurisdiction. So there's no time limit for filing the motion. There's no time limit for acting on the motion. But there has to be jurisdiction. I understand, Your Honor, and my response is that the government focused on the statute, and I apologize to the court. All the statute means is that there's no time limit. It should have focused also on Circuit Rule 57, and I apologize to the court that we did not focus on that as well. It was a focus on the statute that caused us to concede the jurisdictional argument, but also it was an issue that we thought that should be flagged, and in light of the court's comments, it was appropriate to file it. Now, it may turn out that this is actually all the defendant needs to win because the thing that is principally troubling, at least the thing that principally troubles me, is the condition that says that Taylor has to keep away from everybody under the age of 18, and the district judge made that condition more onerous by the change in response to Taylor's motion. If you reinstate the proviso that was there initially saying, sure, you can go into places of public accommodation without worrying whether McDonald's has somebody on its staff under the age of 18, that solves the defendant's problem. It may put the defendant in a better position if the court rules that it has no jurisdiction here. It's not whether we have jurisdiction. I understand, Your Honor. There's a final decision of the district court, and there's an appeal. We have jurisdiction. It's a question of whether the district court had jurisdiction. I understand. But the district court does have jurisdiction. This is the black letter statement of the Griggs principle. The district court does have jurisdiction to deny a motion while an appeal is pending. What it doesn't have authority to do is grant a motion. So with respect to the adult pornography and the Internet chat room conditions, apparently the district court had jurisdiction to say no. So one still needs to think about those. Well, the district court actually granted modification as to all three of the provisions that are currently before the court. I understand that Taylor is challenging the modification of the third condition. He doesn't seem to be challenging the modification of the other two. Is he? Maybe he is. I thought he was, but he's not satisfied with the way it was changed. It didn't go far enough. Yeah, right. The problem with the third condition is the judge went too far. Well, the first condition is the pornography condition. The third one is the direct contact with persons under the age of 18. As to the pornography condition, Taylor concedes that the wording of the modified condition is sufficiently particular to avoid a vagueness challenge. He contends it's overbroad. Well, he contends that it shouldn't have been added at all because adult pornography had nothing to do with his crime and doesn't make repeat of his crime any more likely. Now, is there anything wrong with that argument? Did the district court find that there was any relation between adult pornography and probability of recidivism? The finding the district court made, the district court specifically found a connection between this prohibition and the defendant's offense. Well, it has to do with sex, but did the district judge find that access to adult pornography would make recidivism more likely? The district court, well, it did find that there required connection. It said that the... Could you address my question? The crime and adult porn have to do with sex. There's no doubt about that. Did the district judge find that viewing adult pornography would make recidivism more likely? The answer is yes or no. Well, the district court did not make a specific finding about viewing adult pornography. What it found was that the defendant created pornography by masturbating on the webcam and trying to convince... Child pornography. So, in other words, looking at adult pornography, would that trigger him? Would that trigger him to deal with child pornography? Looking at adult pornography would trigger something with child pornography, the creation of child pornography, any connection with child pornography. I understand, but there was a combination here. There was adult pornography created by the defendant himself when he masturbated on the webcam. And the court said the defendant has created pornography himself. He sought to induce the child, what he believed was a child, to create pornography. And the court found that sufficient to justify the prohibition against viewing pornography or going to places where pornography is located. Now, other minds may differ with that, but the court evidently thought that it would assist the defendant in not reoffending if the defendant were prohibited from viewing pornography. And again, I return, this wasn't just child pornography. It was a child that the defendant sought out in the chat room, but it was the defendant himself that created pornography by masturbating on the webcam. And so that's how the district court viewed it, even though other minds may differ. The question is whether the district court abused its discretion in imposing this condition. As to the Internet access to social chat rooms provision, again, the defendant concedes that that provision is reasonably related to the offense. The defendant has no business going into social chat rooms. What he objects is to suspicionless searches. This provision, however, is central to the facts of the defendant's offense. It's more important than any other of the provisions of supervision because the defendant committed his offense by entering social chat rooms. That being the case, the court is entitled to enforce the provision. Chat rooms are anonymous. Participants use assumed identities. A probation officer can't monitor chat rooms. It just won't work. The only way to enforce this provision is to periodically check the defendant's computer. If one waits for someone to bring to the attention of law enforcement conduct of the defendant raising a suspicion, it will be too late. Another offense already will have occurred with another victim, this time a real one instead of one posed to be a 13-year-old girl by a law enforcement officer. So this temporary infringement on Taylor's rights is necessary to enforce this term of supervision. And as to the direct contact with persons under the age of 18, which we've already discussed, Taylor contends that the places covered are overbroad. He says he can't visit museums, libraries, movie theaters. The places the court describes in this provision are places particularly devoted to catering to children. Well, unfortunately, that's not what it says. There are two sentences. The first one says, don't go near anybody under 18. And the second sentence says, don't go into places such as schoolyards where children congregate. Your whole brief seems to rest on the assumption that the second sentence modifies the first. But is there anything in the language of the order that says, creates that relation between the two sentences? No. The court's right. The first sentence actually, and as the court noted, Taylor had the protection he needed in the provision before it was modified. And that language dropped off from the modified provision. And probably the court should have left that protection in. That Taylor would be allowed to have contact with persons under the age of 18 in commercial settings. Taylor had that protection at one time under the modified condition. That dropped off. I don't know if that was deliberate on the part of the court or an oversight. But he probably should have included that provision with regard to that first sentence. With regard to the second sentence. Thank you, Mr. Bellow. Okay. Thank you very much, Your Honor. Anything further, Mr. Catanacci? Nothing more.  Well, Mr. Catanacci, we thank you very much for accepting the appointment in this case and your assistance to the court as well as your client. The case is taken under advisement and the court will be in recess.